## STATE v. LEW.

(Filed October 6, 1903.)

INDICTMENT—*Grand Jury—Jury—The Code, secs. 404, 921—Acts 1901, chs. 28, 29—Acts 1903, ch. 533.*

> Under The Code, sec. 404, 921, acts 1901, chs. 28, 29, and acts 1903, ch. 533, a grand jury may be summoned for the term of the superior court for New Hanover county held on the fifth Monday after the first Monday in March.

INDICTMENT against William Lew, heard by Judge *R. B. Peebles* at April Term, 1903, of the Superior Court of NEW HANOVER County. From an order quashing the indictment the State appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*Herbert McClammy, Rountree & Carr* and *John D. Bellamy,* for the defendant.

CLARK, C. J. The indictment in this cause was found at the term of the Superior Court held for New Hanover County "on the fifth Monday after the first Monday in March." The defendant moved to quash on the ground that such term was for "the trial of civil cases only."

The terms of court for New Hanover are prescribed by chapter 533, Laws 1903, which provides for nine terms, three of which are to continue two weeks and six to continue one week each. There is no provision that any of these nine terms

are exclusively either for civil or criminal business. The Code, section 404, provides for a grand jury at every term of the Superior Court, and section 1609 contemplates the same. Laws of 1901, ch. 28, sec. 3 (which part of the act is not repealed, provides that no grand jury shall be drawn for terms that are "for the trial of civil cases only." The Code, sec. 921, contains the only other restriction (in the absence of any special provision as to a particular county in some statute), *i. e.,* "there shall be no grand jury *at any special term* unless the same shall be ordered by the Governor."

The defendant relies upon chapters 28 and 29, Laws 1901. It was therein provided that New Hanover should have ten terms of court, one of which for two weeks, and six with no limit, were "for the trial of criminal business exclusively," and three of two weeks each "for the trial of civil cases exclusively." The act of 1903, ch. 633, differs from said act of 1901, in that it provides nine terms instead of ten; that only three terms instead of four are to be for two weeks; that instead of six terms, whose duration was not limited in the act of 1901, these other terms are to "continue one week"; that the time for holding court is changed as to most of the terms, and especially in that the provision in the act of 1901 that certain terms are to be "exclusively for the trial of civil business" and certain others are to be "for the trial of criminal business exclusively" is omitted in the act of 1903. In view of this last fact and the other changes above recited, and the provision in the act of 1903, "all terms of said courts within said district established by chapters 28 and 29, Public Laws 1901, in conflict with this act are hereby abolished," and the further provision, "All laws and clauses of laws in conflict with this act are hereby repealed," we cannot hold that because the act of 1903 provides a term "beginning on the fifth Monday before the first Monday in March, to continue for two weeks," and that one of the terms provided by the act of 1901

happened to be a two-weeks term on the same date and had annexed thereto "for the trial of civil cases exclusively," that therefore the two-weeks term at that date, under the act of 1903, must have read into it the words "exclusively for the trial of civil business." The omission of the provision dividing the terms in New Hanover County into certain ones for trial of civil cases and certain ones for trial of criminal business is legislative and we cannot prescribe its continuance when omitted in the act of 1903. The omission was doubtless made intentionally. It could scarcely have been inadvertently, for the whole schedule of courts for the county is repealed and a new one adopted in which the number of terms and dates of holding them are changed, and those whose duration is unlimited in the act of 1901 are limited in duration in the act of 1903.

But whether the change was intentional or not, it was made by the statute of 1903, and there being now no provision by which the term at which this bill was found was restricted to civil business, nor any prohibition of a grand jury at such term, the bill was improperly quashed.

This Court has held the division of terms—some to be for civil business and the others for criminal business—to be constitutional, and has expressed the opinion that such division of the terms of the Superior Court, where several terms are provided for a county, is expedient and calculated to facilitate the speedy and orderly administration of justice. But whether in any county the division should be made and certain terms allotted for civil business and others for criminal business is a matter for the Legislature. It did provide such division for New Hanover in the act of 1901, but that part of the act was repealed and this provision is omitted in the act of 1903 (ch. 533), which prescribes the terms of court for New Hanover.

Reversed.